Jimmy Charles WOMACK, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–01042–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 2, 1992.

Steve Hebert, Houston, for appellant.

Charles S. Brack, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Jimmy Charles Womack brings this appeal from a misdemeanor conviction of driving while intoxicated. Following a plea of not guilty, the case was tried to a jury. Appellant was found guilty, and the trial court assessed punishment at a fine of $1,000.00 with 180 days confinement in the Chambers County jail probated for two years. We reverse.

In point of error six, appellant contends that the trial court erred in failing to grant a motion for mistrial because of prejudicial, manifestly improper, and harmful conduct of the prosecuting attorney in the presence of the jury. At trial, appellant took the witness stand in his defense, and upon cross-examination the State elicited the following testimony:

Q. Other than today and yesterday, how many times do you think we've had the opportunity to talk to one other [sic]?

A. We haven't.

Q. We haven't spoken to each other, have we?

A. No, sir, we haven't.

Q. This case is about two years old, isn't it?

A. Yes, sir, it is.

Q. In those two years you've never come to me and told me that you were intoxicated, did you?

A. No, sir, I didn't.

MR. McINTYRE: Objection, Your Honor. That's improper. The prosecutor knows it's a violation of the professional rules of responsibility to talk to the Defendants when they're represented by Counsel.

MR. BRACK: Judge, I just asked a question; and he answered it.

\* \* \* \* \* \*

MR. McINTYRE: Judge, he's already making it appear that my client's got some obligation to come to him and tell him that he's not intoxicated.

Like I do with all my clients in pursuant to the Rules of the code of professional responsibility, I tell them not to talk to opposing counsel whether it's a criminal case or a civil case and I think it's improper for them to ask that question and I'd like a ruling.

THE COURT: Sustained. He didn't talk to him.

MR. McINTYRE: I move for a mistrial, your Honor.

THE COURT: Overruled.

A defendant's post-arrest silence may not be used against him at trial. *Sanchez v. State*, 707 S.W.2d 575, 580 (Tex. Crim.App.1986). Even when the defendant testifies, he may not be cross-examined about his post-arrest silence unless it is first established that he made a post-arrest inconsistent statement. *Turner v. State*, 719 S.W.2d 190, 193 (Tex.Crim.App.1986). In order to preserve any error on appeal, defense counsel must object to the statement or question and specify the grounds on which the objection is based. *Id.* at 194. An argument on appeal which does not comport with an objection at trial preserves nothing for review. *Letson v. State*, 805

S.W.2d 801, 806 (Tex.App.—Houston [14th Dist.] 1990, no pet.).

When the State called attention to the fact that appellant had not come forward to speak with the prosecuting attorney and admit his guilt, the State clearly made a comment on appellant's post-arrest silence. We disagree with the State's argument that the error was not properly preserved for appeal. Defense counsel initially objected on the grounds of unprofessional conduct in asking whether defendant approached the prosecutor to discuss his guilt or innocence. During the course of these objections, and before the court had a chance to make any ruling, defense counsel then argued that the prosecutor was making it appear that his defendant had an obligation to tell the State that he was not intoxicated. This objection should have been sufficient to put the court on notice that an objection was being made as to the State discussing the defendant's post-arrest silence. The court sustained the objection but apparently misunderstood the whole issue because it based its ruling on the fact that the appellant "didn't talk to [the prosecutor]." Defense counsel then obtained an adverse ruling on his motion for mistrial. In viewing the evidence, we find that the State's questioning of the appellant was a comment on appellant's post-arrest silence, and that the prosecutor's questioning was manifestly improper. Harm is presumed and appellant's sixth point of error is sustained.

In appellant's seventh point of error, he asserts that the trial court committed reversible error by allowing the prosecutor to question appellant on matters which were within the attorney-client privilege. After the testimony mentioned above, the following exchange took place:

(By the State) Q. Now, let's go back to the beginning, Mr. Womack. Oh, by the way, how many times did you ask your attorney—Mr. McIntyre—to come to me and tell me that you were not guilty or intoxicated on that date and time in question?

MR. McINTYRE: Objection, Your Honor. It invades the attorney/client privilege.

MR. BRACK: He's waived the attorney/client privilege, Judge. He's taken the stand.

MR. McINTYRE: Your Honor, he hasn't waived the attorney/client privilege.

MR. BRACK: Excuse me, Judge. Only the client—witness can take advantage of that privilege, not his lawyer.

Defense counsel's objection was subsequently overruled. Defense counsel then requested a chance to confer with his client so that he could counsel him to invoke the attorney/client privilege. To this, the State argued that the defendant could not request advice from his attorney while he is on the witness stand. The court overruled defense counsel's request.

The Texas Rules of Criminal Evidence provide in part that a client has a right to refuse to disclose, or prevent anyone else from disclosing, confidential communications between the client and the client's attorney. TEX.R.CRIM.EVID. 503(b). This right may be claimed not only by the client, but also by the attorney who is presumed to have authority to claim the communications as privileged on behalf of the client. TEX.R.CRIM.EVID. 503(c). A defendant does not lose this right merely because he takes the stand in his defense. The State clearly misled the court by telling it that the defendant waived the attorney/client privilege by taking the stand. That was an incorrect statement of the law. Again, harm is presumed. Appellant's seventh point of error is sustained.

Because points of error six and seven are sustained, we do not reach points one through five. The judgment of the trial court is reversed and the case is remanded for a new trial.