**Stephen Fuller AUSTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–039 CR.**

Court of Appeals of Texas, Beaumont.

June 7, 1995.

Christine R. Brown, Orange, for appellant.

John Kimbrough, Dist. Atty., Troy Johnson, Asst. Dist. Atty., Orange, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Stephen Fuller Austin of bail jumping, found the two enhancement paragraphs to be true, and assessed punishment at fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant raises three points of error.

■ Point of error one challenges the sufficiency of the evidence to support the conviction. The application paragraph of the charge instructed the jury to convict appellant if it found beyond a reasonable doubt that on or about April 9, 1990, in Orange County, Texas, the defendant, after being lawfully released from custody on a pending felony charge of possession of a controlled substance (cocaine) on condition that he subsequently appear in court, intentionally and knowingly failed to appear in accordance with the terms of his release, to wit: the defendant failed to appear in the 260th District Court of Orange County, Texas, on April 9, 1990, for jury trial in Cause Number D890390. The court instructed the jury to acquit appellant if it found he had a reasonable excuse for his failure to appear in accordance with the terms of his release. The standard of review is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991).

■ Appellant first argues the evidence does not establish appellant intentionally and knowingly failed to appear, then maintains the evidence established a reasonable explanation for his conduct. Dennis Powell testified he was appellant's lawyer in the narcotics case. He mailed appellant two trial notices. The letters were admitted into evidence. The first letter says the case was on standby for the following two week period. The second letter states jury trial is set for April 9, 1990. Powell had used the same address to communicate with appellant, and

no letters were returned. He also spoke with appellant's mother about the April 9 setting.

Appellant's mother, Helen Dizadare, lived at the address appellant provided for correspondence. She denied Powell contacted her and claimed the letters never arrived. Appellant testified he attended the unsuccessful motion to suppress hearing on March 23, 1990. After the hearing Powell indicated the prosecution might go to trial and that he would contact them. They gave counsel Mrs. Dizadare's address and phone number. He did not know the trial began on April 9 because his mother never got the letters.

Appellant was finally apprehended while living in California under an assumed name. Appellant's explanation for assuming someone else's identity was that a police officer who worked for appellant's bondsman tried to kill him some time after the suppression hearing. Appellant worked as a "strong man" for Jimmy Beaumont; Beaumont was appellant's bondsman on the cocaine charge. According to appellant, a police officer tried to shoot him because Beaumont was afraid appellant would testify against Beaumont. Although Beaumont was incarcerated during the time appellant was a fugitive, appellant feared Beaumont's agents would find him. Appellant remained in Southeast Texas until early May. He thought the possession charge had been dismissed after his mother twice called the district attorney's office and they could not find the file. Appellant admitted his mother called him more than once while he was hiding in Texas. We hold the jury could rationally disbelieve appellant's version of the facts. Any rational trier of fact could have found every element of the offense proven beyond a reasonable doubt. Point of error one is overruled.

■ Point of error two maintains appellant did not receive effective assistance of counsel as required by U.S. CONST. amend. VI. To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance was deficient, to the extent that counsel failed to function as "counsel" guaranteed by the Sixth Amendment, and this deficient performance prejudiced his defense to the extent that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). Appellant contends trial counsel's performance was deficient because he failed to object to the admission of evidence subject to the attorney-client privilege.

■ During the State's case-in-chief, the attorney who represented appellant on the possession charge testified about the contents of letters he mailed to his client and their conversations about the legal proceedings. A client has a privilege to refuse to disclose and to prevent the disclosure of confidential communications made for the purpose of facilitating the rendition of professional legal services. TEX.R.CRIM.EVID. 503(b). "A client has a privilege to prevent the lawyer ... from disclosing any other fact which came to the knowledge of the lawyer ... by reason of the attorney-client relationship." *Id.* A communication is "confidential" if not intended to be disclosed to third persons other than those to whom the disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary to the transmission of the communication. TEX.R.CRIM. EVID. 503(a)(5). There is no privilege as to a communication relevant to an issue of breach of duty by the lawyer to his client or by the client to his lawyer. TEX.R.CRIM.EVID. 503(d)(3). The privilege is not a principle of constitutional dimension but is an exclusionary rule of evidence. *Strong v. State*, 773 S.W.2d 543, 547 (Tex.Crim.App.1989).

■ The State argues "a conversation consisting of a lawyer informing his client when his client's case is set for trial is *not* a confidential communication. The information by its very nature is public information...." This confuses the fact of communication with the underlying facts communicated. A number of civil cases recognize the subject matter of the communication is of no concern on determining whether a document is privileged and the privilege extends to the entire communication. *Marathon Oil Co. v. Moye,*

893 S.W.2d 585 (Tex.App.—Dallas, 1994, n.w.h) (not yet reported); *Pittsburgh Corning Corp. v. Caldwell*, 861 S.W.2d 423, 425 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *Keene Corp. v. Caldwell*, 840 S.W.2d 715, 719 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *GAF Corp. v. Caldwell*, 839 S.W.2d 149 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). Like its civil cognate, Tex.R.Crim.Evid. 503 defines confidentiality in terms of intent, not content. For instance, in the Pre–Rules case *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. Crim.App.1985, no writ), the court held the Article 38.10 [1] privilege did not bar the defendant's attorney from testifying that appellant was convicted of an earlier offense and that the conviction was final; the fact of conviction was shown by public records *and* there was no confidential communication involved in the fact that no appeal was taken. In our case, the State could prove the case was set for trial through a court clerk. The probative value of Powell's testimony was not that the fact that the case was set for trial on April 9, but the fact that he communicated this information to his client. The attorney testified regarding a communication. We must therefore decide if this communication was intended to be confidential. A communication is privileged if it was intended to be confidential at the time it was made. There is no direct evidence of intent, but the letters were addressed to appellant personally, without a copy to the court or the prosecutor. Correspondence is by its nature private, although the matter communicated may be trivial or known to others. We hold the correspondence between the lawyer and his client was confidential.

▮ Powell testified as a witness for the State in its case-in-chief so no plausible argument may be made for application of Rule 503(d)(3), as would be the case had the State called Powell as a rebuttal witness in response to testimony by appellant that Powell failed to inform him of the trial setting. We perceive no reasonable strategic purpose for failing to object to Powell's testimony, given appellant could have testified about these matters in response to Powell's testimony without waiving error. *See Rogers v. State*, 853 S.W.2d 29, 35 (Tex.Crim.App.1993). We conclude that the testimony elicited from Mr. Powell regarding his letters to appellant and his conversation with appellant following the suppression hearing were subject to the attorney-client privilege.

▮ The State made a prima facie showing of appellant's intent through the court coordinator's testimony that on April 9, 1990, she thrice called the defendant's name outside the courthouse door. Powell's was the only testimony offered by the State to prove appellant had actual knowledge of the trial date. *See Richardson v. State*, 699 S.W.2d 235 (Tex.App.—Austin 1985, pet. ref'd). The testimony elicited from appellant's attorney supplied the State's evidence of intent. We examine counsel's errors in the context of the entire record in determining whether counsel's deficient conduct was sufficient to undermine our confidence in the verdict. *Ex parte Menchaca*, 854 S.W.2d 128 (Tex.Crim.App.1993). Appellant's version of the communication between himself and his previous lawyer differed dramatically from Powell's testimony. This would have a negative impact upon appellant's credibility and undermine his defense as well as supply the State's evidence of intent. We find appellant has satisfied the second prong of *Strickland*. Point of error two is sustained.

Having sustained point of error two, we decline to address point of error three as it is not necessary to the final disposition of the appeal. We reverse the judgment of the trial court, and remand the cause to the trial court for a new trial.

REVERSED AND REMANDED.

---

**1.** Tex.Code Crim.Proc. art. 38.10, *repealed and replaced* by Tex.R.Crim.Evid. 503 effective September 1, 1986.