Michael Leroy ZENON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-93-332 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 22, 1995.

Decided June 14, 1995.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty., Beaumont, Rodney D. Conerly, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a conviction of burglary of a building and a habitual felony offender. Appellant was indicted by a Jefferson County grand jury of the offense of burglary of a building and the indictment contained several enhancement paragraphs. Trial was to a jury, and the jury found the appellant guilty. The appellant pleaded "true" to the enhancement paragraphs contained in the indictment. The jury assessed punishment at 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. From said judgment and conviction, appellant has perfected this appeal.

### Background Facts

On or about August 2, 1992, the appellant entered into a building belonging to Dr. Herbert Joseph, the complainant, without the effective consent of the complainant, and several items were found moved outside the building. Police officer Bryan Skinner testified that he answered a silent burglar alarm on the occasion in question and located appellant inside a fenced area by a building with a screwdriver in his pocket. Police officer Rebecca Duke testified that she also observed appellant inside a fenced-in area surrounding the building near some of the items from the building.

The appellant testified in his own behalf to the effect that he was walking by the building on the occasion in question and was suddenly struck in the head by the screwdriver by an unidentified assailant. Appellant stated that he was not in possession of the screwdriver on the occasion in question.

### Point of Error Number One

The appellant brings forth one point of error complaining that "[r]eversible error occurred when the State was allowed to elicit testimony that invaded the attorney-client privilege."

A significant issue in the case was the dispute over whether the screwdriver (the alleged burglary tool) was found in the pocket of the appellant, or if appellant was actually assaulted by some unknown assailant with the screwdriver, and the police officer thereafter planted said screwdriver in appellant's pocket to incriminate him. The arresting officers testified that the screwdriver was found in the pocket of appellant at the time of the offense. The appellant testified that the screwdriver was at the base of a tree when the police apprehended him and the police officer thereafter placed it in his pocket.

The issue of the screwdriver went to the credibility of the witnesses. If appellant was telling the truth, then the arresting officer had fabricated testimony in order to incriminate the appellant. If the police officers were telling the truth, then appellant was in possession of the alleged burglary tool, which would have been incriminating.

Appellant contends that conversations and advice regarding anticipated testimony and preparations for trial between the accused and his lawyer are absolutely privileged. TEX.R.CRIM.EVID. 503. Over the objection of appellant, the State was allowed to elicit testimony from the appellant regarding purported "privileged" attorney-client conversations. The record reveals:

Q You didn't file any complaint against Officer Skinner for planting that evidence on you, did you?

A I didn't realize that's the way he would testify to something until yesterday.

Q Are you telling me that your defense lawyer didn't tell you that Mr. Skinner and Ms. Duke were going to say that you had a screwdriver on you?

MR. LIECK: Your Honor, I'm going to object. He's asking him questions that are directly related to the lawyer/client privilege.

THE COURT: Overruled. He's testifying.

A I'm not aware of how he would discuss his defense with me, no, I wasn't at that time.

Appellant contends that such questions are an invasion of the attorney-client privilege by asking whether or not a lawyer had advised the appellant concerning anticipated testimony and is probing the mind of appellant as to what advice appellant had received from his attorney.

The answer of the appellant was obtuse, ambiguous and non-revealing of any attorney-client communication.

Appellant cites in his brief the case of *Strong v. State*, 773 S.W.2d 543, 547 (Tex. Crim.App.1989), for the Court's holding on "reserved communication." While this case is an excellent presentation of the attorney-client privilege, we note further that the case also holds "[n]otwithstanding the tenor of current debate on the subject, it is important to bear in mind that the lawyer-client privilege is not a principle of constitutional proportions, but an exclusionary rule of evidence. *OKC Corp. v. Williams*, 461 F.Supp. 540, 546 (N.D.Tex.1978). Accordingly, the privilege has been limited both by statutory exception and strict construction." *Strong v. State*, 773 S.W.2d at 547–548. The lawyer-client privilege is embodied in TEX.R.CRIM. EVID. 503. Section (a)(5) of Rule 503 has the following definition:

(5) A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

The State argues that fundamental to the protection afforded communications between attorney and client is the requirement that the communication be in fact confidential. Further, the State submits that the information the prosecutor was delving into was not confidential information.

Further, the State contends that the prosecutor was attempting to elicit testimony from the appellant in response to appellant's statements that he did not know what facts the officers would testify to. We do not feel that said response operated as a waiver of the privilege. *See Womack v. State*, 834 S.W.2d 545, 546–547 (Tex.App.—Houston [14th Dist.] 1992, no pet.). The State's brief suggests and would have us surmise that these facts were revealed to the appellant's counsel by the prosecutor during discovery and that the appellant's attorney would have passed the information on to the appellant and disbelieving the response he had just received from appellant, the prosecutor then posed the objected-to question. The State's brief further presumes that the State's attorney was not referring to confidential information, but was referring to information that the State's attorney, himself, had passed along to the appellant's attorney. The prosecutor is urging that the attorney-client privilege protects confidential communications

and not mere information and cites *Methodist Home v. Marshall*, 830 S.W.2d 220 (Tex. App.—Dallas 1992, no writ).

In a recent case, *Austin v. State*, 899 S.W.2d 834 (Tex.App.—Beaumont 1995, n.w.h.) (conviction of bail jumping reversed), this Court held that a communication is privileged if it was intended to be confidential at the time it was communicated. As in *Austin*, here there is no direct evidence of intent. We held in *Austin* that the communication by the attorney to his client was the only testimony offered by the State to prove Austin had actual knowledge of a trial setting and was instrumental in his conviction. Although the matter communicated may be trivial or known to others, the communication by the attorney to his client was confidential and the failure of trial counsel to object to defendant's former attorney divulging the communication was ineffective assistance to the degree of requiring a reversal.

Here the answer of appellant to the prosecutor's question does not indicate that any information was given to the appellant concerning the officers' anticipated testimony and the question then becomes, should this case be reversed because of such action by the prosecutor in asking an improper question which has not been shown to be prejudicial. We think not. We find, beyond a reasonable doubt, that the trial court's error did not contribute to either appellant's conviction or punishment. TEX.R.APP.P. 81(b)(2).

Therefore, we overrule appellant's sole point of error and affirm the judgment and sentence below.

AFFIRMED.