COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-094-CV
  
  
   
IN RE THOMAS R. MAHER                                                         RELATOR
  
  
----------
 
ORIGINAL PROCEEDING
 
------------
 
OPINION
 
------------
        Relator 
Thomas R. Maher filed this petition for writ of mandamus after the trial court 
denied his motion to compel documents that real party in interest United 
Services Automobile Association (RPI) alleged were privileged work product. 
Relator seeks vacation of the trial court’s order denying his motion to compel 
and issuance of an order compelling RPI to produce all documents sought in his 
request for production. Because we hold that the trial court abused its 
discretion by ruling that the withheld documents were privileged, we 
conditionally grant mandamus relief.
Background
        On 
July 13, 2000, Relator’s car was broad-sided by an SUV that ran a red light. 
Based on the nature and extent of Relator’s injuries, the insurance company of 
the negligent driver offered to pay the $20,000 policy limits. As required by 
Relator’s underinsured motorist coverage with RPI, Relator requested and 
received written permission to accept the driver’s policy limits.
        On 
June 25, 2001, Relator applied for his $10,000 personal injury protection policy 
limits, submitting to RPI over $15,500 in medical bills from the July 13, 2000 
wreck. RPI sent him a $282 check. Relator then provided RPI with reports from 
two board-certified orthopedic surgeons that showed $137,024 in future medical 
expenses from the wreck. Three different RPI adjusters offered no coverage under 
Relator’s underinsured motorist policy. Each of these three adjusters has 
either left RPI or retired.
        On 
July 10, 2002, Relator filed suit against RPI claiming breach of contract, DTPA 
violations, unfair insurance practices under article 21.21,[1] 
and breach of the duty of good faith and fair dealing. RPI filed a motion to 
sever and abate the “bad faith” claims, which the trial court denied. Four 
months later, Relator filed a motion to compel discovery because, in response to 
the twenty-six requests made, RPI had not provided Relator with any production 
other than the documents Relator himself had provided to RPI. RPI then filed a 
motion for reconsideration of its motion for severance and abatement. The trial 
court granted the severance and abatement before hearing the motion to compel.
        At 
the hearing on the motion to compel, the trial court overruled all of RPI’s 
objections to Relator’s requests except for its claims of privileged work 
product, which the trial court took under advisement based on RPI’s failure to 
provide a privilege log. The court ordered RPI to provide a privilege log by the 
following Monday.
        RPI 
filed its privilege log as ordered, and upon receipt of the privilege log, 
Relator filed an objection to the sufficiency of the log and requested a 
rehearing on the motion to compel. Relator alleged that RPI’s privilege log 
did not meet the requirements of Rule 193.3 of the Texas Rules of Civil 
Procedure.[2]  At the rehearing on the motion to 
compel, RPI provided more than 200 pages of withheld documents for an in camera 
inspection, and the trial judge stated at the beginning of the rehearing that he 
was not prepared to make a ruling because he had not yet reviewed the documents. 
Relator, however, directed the trial court to the inadequacy of the privilege 
log. He argued that RPI did not meet its burden to describe the withheld 
documents in a manner that would enable him to assess the applicability of the 
privilege, and therefore the burden was still on RPI at that point to prove the 
privilege claims. RPI nevertheless did not present any evidence by affidavit or 
testimony to support the claimed privilege.  A month after the rehearing, 
Relator received an order from the trial court denying the motion to compel.
        In 
two issues, Relator now argues that the trial court abused its discretion by 
ruling that documents created before litigation were “privileged” as work 
product and exempt from discovery although no evidence of when RPI 
“anticipated litigation” was presented and by denying Relator’s motion to 
compel because RPI’s objections to the requests for production were both 
waived and overruled.
Discussion
Adequacy of Appeal
        Mandamus 
is an extraordinary remedy that will issue to correct a clear abuse of 
discretion only if the relator lacks an adequate remedy by appeal.[3]  A trial court clearly abuses its discretion if “it 
reaches a decision so arbitrary and unreasonable as to amount to a clear and 
prejudicial error of law.”[4] A trial court has no 
discretion in determining what the law is or applying the law to the facts.[5]  Thus, a clear failure to analyze or apply the law 
correctly will constitute an abuse of discretion and may result in appellate 
reversal by extraordinary writ.[6]
        In 
the discovery context, remedy by appeal is not adequate where a party is 
required “to try his lawsuit, debilitated by the denial of proper discovery, 
only to have that lawsuit rendered a certain nullity on appeal.”[7]  Remedy by appeal is likewise not adequate where the 
trial court's discovery order disallows discovery that cannot be made a part of 
the appellate record, thereby denying the reviewing court the ability to 
evaluate the effect of the trial court's error.[8]
Attorney Work-Product Privilege
        Under 
Texas law, evidence is presumed discoverable.[9]  
One exception to the rule that evidence is generally discoverable is that 
attorney “work product” is protected from disclosure by privilege. Work 
product comprises:
  
(1) 
material prepared or mental impressions developed in anticipation of litigation 
or for trial by or for a party or a party’s representatives, including the 
party’s attorneys, consultants, sureties, indemnitors, insurers, employees, or 
agents; or
 
(2) a 
communication made in anticipation of litigation or for trial between a party 
and the party’s representatives or among a party’s representatives, 
including the party’s attorneys, consultants, sureties, indemnitors, insurers, 
employees, or agents.[10]
 
Work product, other than 
core work product, is discoverable only upon a showing that the party seeking 
discovery has a substantial need for the materials in the preparation of the 
party’s case and the party is unable, without undue hardship, to obtain the 
substantial equivalent of the material by other means.[11]
        Although 
the privilege protects against the disclosure of specific documents, 
communications, reports, mental impressions, memoranda, conclusions, opinions, 
or legal theories prepared and assembled in actual anticipation of litigation, 
it is not an umbrella for protecting materials gathered in the ordinary course 
of business.[12]  A document is not privileged 
simply because it was created by an attorney or is contained in an attorney’s 
file.[13]
        The 
Texas Supreme Court has set forth a two-part test to determine whether a 
document has been prepared in anticipation of litigation.[14]  
A document is prepared in actual anticipation of litigation if: (1) a reasonable 
person would have concluded from the totality of the circumstances that there 
was a substantial chance that litigation would ensue (the objective standard); 
and (2) the party resisting discovery believed in good faith that there was a 
substantial chance that litigation would ensue and prepared the document(s) for 
the purposes of preparing for such litigation (the subjective standard).[15]
        For 
the privilege to apply, preparation for litigation must be the primary 
motivating purpose underlying the creation of the document.[16]  
A document is not prepared “in anticipation of litigation” if it is in fact 
prepared for some other purpose.[17]  Although 
there is no set statistical probability to define substantial chance that 
litigation would ensue, it simply means that it is more than a mere abstract 
possibility or unwarranted fear.[18]
        Upon 
receipt of a request for discovery, to protect privileged information or 
material, the discovery rules state that the party should not object to the 
request but may withhold the privileged material. The party must, however, state 
in the response: (1) that information or material responsive to the request has 
been withheld, (2) the request to which the information or material relates, and 
(3) the privilege or privileges asserted.[19]  
The party seeking the discovery may then serve a written request that the 
withholding party identify the information and material withheld.[20]  Within fifteen days of service of the request, the 
withholding party must serve a privilege log: (1) that describes the information 
or materials withheld that, without revealing the privileged information itself 
or otherwise waiving the privilege, enables other parties to assess the 
applicability of the privilege, and (2) asserts a specific privilege for each 
item or group of items withheld.[21]  Thus, the 
description of the information or material withheld must be specific enough that 
the requesting party can identify each document withheld and assess the 
applicability of that privilege.[22]  Any party 
may then request a hearing on a claim of privilege asserted.[23]
        Because 
there is no presumption that documents are privileged,[24] 
the party who seeks to limit discovery by asserting a privilege has the burden 
of proof.[25]  The party asserting the privilege 
must present necessary evidence at the hearing by testimony or affidavit, served 
at least seven days before the hearing, to support the privilege.[26]  The privilege log is not proof; a prima facie case 
for the privilege must be proved by evidence necessary to support the privilege.[27]  “The prima facie standard requires only the 
‘minimum quantum of evidence necessary to support a rational inference that 
the allegation of fact is true.’”[28]  A 
prima facie case is required to prevent trial judges from being compelled to 
inspect untold numbers of documents.[29]  Only 
after the party asserting a privilege has made a prima facie case—provided the 
proper privilege log and presented evidence supporting the privilege at the 
hearing—does the requesting party have the burden to point out to the court 
which specific documents or groups of documents it believes require an in camera 
inspection.[30]  The court must then determine 
whether an in camera inspection is required for the challenged documents.[31]  If an in camera inspection is required, the court 
may order the documents tendered or the party asserting the privilege may tender 
the documents to the trial court. After reviewing the documents, the trial court 
must then decide whether the privilege applies. [32]
        Because 
the scope of discovery and the admissibility of evidence is principally within 
the discretion of the trial judge,[33] unless there 
is a clear abuse of discretion, the trial court’s ruling should not be 
disturbed on appeal.[34]
Analysis
        In 
this case, disregarding RPI’s failure to provide Relator with a privilege log 
within the 15 days required by the rule, the privilege log RPI ultimately filed 
pursuant to the trial court’s order does not begin to meet the requirements of 
Rule 193.3. The log states, for example, “internal computer records, claim 
activity logs and file notes as work product made in anticipation of litigation 
with an anticipation of litigation date of July 9, 200l” as an item withheld. 
RPI’s other four claims of privilege in its log, which are asserted to 
withhold all of the documents requested in all of Relator’s twenty-six 
requests for production, are equally broad and nonspecific. Without any 
indication, at the very least, of the author and the date the records, logs, and 
notes were created, the privilege log does not allow Relator or the trial court 
to assess the applicability of the privilege.[35]
        Furthermore, 
without any supporting evidence by affidavit or testimony, a reasonable person 
would not have expected litigation to result on July 9, 2001, which is a year 
after the accident occurred and a year before Relator filed suit. Without 
supporting evidence, July 9, 2001 does not appear to have any significance to 
the suit. Thus, the first prong of the test for anticipation of litigation is 
not satisfied.[36]
        Because 
RPI failed to satisfy the subjective requirement of whether it, in good faith, 
anticipated litigation—it has not filed affidavits, nor did it provide 
testimony at the hearing to support its claim of privilege—we do not reach the 
second prong of the test.[37]  Thus, RPI has not 
provided the trial court with prima facie proof that the documents were prepared 
in anticipation of litigation because it failed both to provide an adequate 
description of the documents in its privilege log as required by the Texas Rules 
of Procedure and to provide supporting evidence of the claimed privilege by 
testimony or affidavits. [38]  By merely 
producing over 200 pages of documents without making a prima facie case, RPI did 
exactly what the rule is designed to prevent—it required the trial judge to 
inspect hundreds of documents. [39]  
Because RPI failed to make a prima facie case of privilege, the burden never 
shifted to Relator to challenge the privilege,[40] 
and we do not reach the propriety of the in camera inspection of the documents. 
Further, Relator’s petition is restricted to privilege issues. To the extent 
RPI’s arguments relate to the severance and abatement of the bad faith causes 
of action, those arguments are outside the scope of the issues before us.
        Consequently, 
because RPI did not meet its burden of proof, the trial court abused its 
discretion by finding the documents privileged.
Conclusion
        Having 
held that RPI failed to prove the claimed privilege, we hold that the trial 
court abused its discretion by ruling that the documents were privileged. We 
therefore conditionally grant Relator’s petition for writ of mandamus. We are 
confident that the trial court will vacate its order denying Relator’s motion 
to compel and will compel the production of documents withheld on the basis of 
work product privilege. Our writ will issue only if the trial court refuses to 
do so.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
 
 
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: August 26, 2004


NOTES
1. See 
Tex. Ins. Code Ann. art. 21.21 
(Vernon Supp. 2004-05).
2.  See 
Tex. R. Civ. P. 193.3.
3.  In 
re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002).
4. In 
re Hinterlong, 109 S.W.3d 611, 621 (Tex. App.—Fort Worth 2003, orig. 
proceeding) (quoting Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)).
5. Id.
6. Walker, 
827 S.W.2d at 840; see also In re Allstate County Mut. Ins. Co., 85 
S.W.3d 193, 195–96 (Tex. 2002).
7. Walker, 
827 S.W.2d at 841 (quoting Jampole v. Touchy, 673 S.W.2d 569, 576 (Tex. 
1984) (orig. proceeding)).
8. In 
re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. 
proceeding); Walker, 827 S.W.2d at 843-44.
9. See 
In re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 225 (Tex. 2004) 
(orig. proceeding).
10. Tex. R. Civ. P. 192.5(a).
11. Tex. R. Civ. P. 192.5(b)(2).
12. Nat’l 
Tank Co. v. Brotherton, 851 S.W.2d 193, 200 (Tex. 1993).
13. Nat’l 
Union Fire Ins. Co. v. Valdez, 863 S.W.2d 458, 460 (Tex. 1993).
14. Brotherton, 
851 S.W.2d at 195, 204–05 (modifying the rule originally stated in Flores 
v. Fourth Court of Appeals, 777 S.W.2d 38, 41 (Tex. 1989)).
15. Id.
16. Flores, 
777 S.W.2d at 42; Henry P. Roberts Invs. v. Kelton, 881 S.W.2d 952, 955 
(Tex. App.—Corpus Christi 1994, no writ).
17. Brotherton, 
851 S.W.2d at 204.
18. Id.
19. Tex. R. Civ. P. 193.3(a).
20. Tex. R. Civ. P. 193.3(b).
21. Id.
22. Id.
23. Tex. R. Civ. P. 193.4(a).
24. DuPont, 
136 S.W.3d at 225; State v. Lowry, 802 S.W.2d 669, 671 (Tex. 1991); Oyster 
Creek Fin. v. Richwood Invests. II, 957 S.W.2d 640, 647 (Tex. 
App.—Amarillo 1997, pet. denied).
25. DuPont, 
136 S.W.3d at 223.
26. Id.
27. In 
re Monsanto Co., 998 S.W.2d 917, 926, 929 (Tex. App.—Waco 1999, orig. 
proceeding).
28. DuPont, 
136 S.W.3d at 223 (quoting Tex. Tech Univ. Health Scis. Ctr. v. Apodaca, 
876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)).
29. Monsanto 
Co., 998 S.W.2d at 925.
30. See 
DuPont, 136 S.W.3d at 226–27.
31. Id. 
at 223.
32. See 
In re Carbo Ceramics, Inc., 81 S.W.3d 369, 373–74 (Tex. App.—Houston 
[14th Dist.] 2002, no pet.); Marathon Oil Co. v. Moye, 893 S.W.2d 585, 
590 (Tex. App.—Dallas 1994, no writ).
33. Ginsberg 
v. Fifth Court of Appeals, 686 S.W.2d 105, 108 (Tex. 1985).
34. Flores, 
777 S.W.2d at 41.
35. See 
, e.g., id.; In re Toyota Motor Corp., 94 S.W.3d 819, 823–24 
(Tex. App.—San Antonio 2002, orig. proceeding); Monsanto Co., 998 
S.W.2d at 925.
36. See 
Brotherton, 851 S.W.2d at 195.
37. See 
id.
38. See 
DuPont, 136 S.W.3d at 223, 226; Marathon, 893 S.W.2d at 591.
39. See 
Monsanto Co., 998 S.W.2d at 925.
40. See 
DuPont, 136 S.W.3d at 226–27.