Petition for Writ of Mandamus Denied, and Memorandum Opinion filed May
6, 2008








 

Petition
for Writ of Mandamus Denied, and Memorandum Opinion filed May 6, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00227 -CV

____________

 

IN RE HEIDI ORTUNO, INDIVIDUALLY AND

 AS NEXT FRIEND OF J.O., Relator

 

 



 

ORIGINAL
PROCEEDINGS

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

Relator
Heidi Ortuno has asked in this original proceeding that we issue a writ of
mandamus requiring the respondent[1] to grant her
motion for enforcement of Rule 193.3(d), thereby compelling the real party in
interest to return an inadvertently-produced consulting expert report to
non-party Texas Children=s Hospital.  Because we hold that Rule 193.3(d) does not
apply to the production of privileged materials by a non-party, we deny the
petition.          








Background

Ortuno
filed the underlying premises liability lawsuit against the corporate owner and
management company for the Winkler Villa Apartments (AWinkler Villa@) after her son J.O. fell from a
second-story balcony and allegedly suffered injuries.  During the prosecution
of the lawsuit, Ortuno retained neuropsychologist Sue E. Caudle, Ph.D. as a
consulting expert.  Dr. Caudle performed an examination on J.O. in November
2007 and prepared a three-page report containing her expert opinions. 
Unbeknownst to relator, Dr. Caudle provided the report to her employer, Texas
Children=s Hospital, which compiled the report
as an ordinary part of the child=s medical records.  When the attorney
for Winkler Villa took the deposition upon written questions of Texas Children=s custodian of records, Dr. Caudle=s report was produced in discovery
with the medical records.

Upon
learning of the disclosure, Ortuno asserted that Dr. Caudle was her consulting
expert, and demanded that Winkler Villa return Dr. Caudle=s report to Texas Children=s pursuant to the Asnap-back@ provision of Rule 193.3(d).  See
Tex. R. Civ. P. 193.3(d).  When Winkler Villa resisted, Ortuno filed a motion
to that effect with the trial court.  The respondent denied the motion,[2]
ruling that (1) Dr. Caudle is Ortuno=s consulting expert, but that (2)
Rule 193.3(d) does not apply to documents that were produced by non-parties.[3] 
This mandamus proceeding ensued.

 








                                                    Application
of Rule 193.3(d)

Rule
193.3(d) provides as follows:

(d) Privilege
Not Waived by Production.  A party who produces material or information
without intending to waive a claim of privilege does not waive that claim under
these rules or the Rules of Evidence ifBwithin
ten days or a shorter time ordered by the court, after the producing party
actually discovers that such production was madeBthe producing party amends the response, identifying the material or
information produced and stating the privilege asserted.  If the producing
party thus amends the response to assert a privilege, the requesting party must
promptly return the specified material or information and any copies pending
any ruling by the court denying the privilege.

Tex. R. Civ. P. 193.3(d).

Ortuno
concedes that Rule 193.3(d) does not apply to privileged materials that are
produced by a non-party, and she does not urge the rule=s Asnap-back@ provision on that basis.  Rather,
she contends that a consulting expert is a Arepresentative of the lawyer,@ and that Dr. Caudle=s production of her report was
therefore production by a party.  We need not reach that contention, however,
as Dr. Caudle=s provision of her report to Texas Children=s was not Aproduction@ within the context of Rule 193.3(d).








Although
the terms Aproducing@ and Aproduction@ have not been given formal definitions in this context, Rule
193.3 expressly applies to the production of privileged materials in the course
of written discovery.  See Tex. R. Civ. P. 193.3 (AA party may preserve a privilege from
written discovery in accordance with this subdivision.@) (emphasis added).   Permissible forms
of written discovery are set out in Rule 192.1, and include such devices as
requests for production and depositions upon written questions.  See Tex.
R. Civ. P. 192.1.  Even if Dr. CaudleBacting as a representative of Ortuno=s lawyerBsupplied the report to her employer,
the actual production of the report in written discovery occurred when
the Hospital=s custodian of records was deposed by written questions and was required
to produce the facility=s records.[4] 

Because
the producing entity (Texas Children=s Hospital) was not a party to this
lawsuit and therefore outside the scope of Rule 193.3(d), we hold that the
respondent did not abuse his discretion in declining to order that Winkler
Villa return Dr. Caudle=s report to Texas Children=s Hospital.

                                         Continued
Use of Privileged Documents

Relator
has also asked that we issue mandamus to compel the trial court to enter a
protective order preventing the disclosure or use of the already-produced
report.  We agree that a protective order can be an appropriate remedy to
prevent a party from disclosing or making use of confidential information.  See
In re AEP Texas Cent. Co., 128 S.W.3d 687, 694 (Tex. App.BSan Antonio 2003, orig. proceeding)
(mandating that the trial court Aenter an order preventing the use of@ privileged materials produced in
discovery).

However,
mandamus is not available to compel an action that has not first been demanded
and refused.  Axelson, Inc. v. McIlhaney, 798 S.W.2d 550, 556 (Tex.
1990) (orig. proceeding); In re Houston Chronicle Pub. Co., 64 S.W.3d
103, 106 (Tex. App.BHouston [14th Dist.] 2001, orig. proceeding).  From our
review of the record, Ortuno has never asked the respondent to enter a
protective order.  We therefore decline to issue mandamus for relief that was
not first requested in the court below.  See Texas Farmers Ins. Co. v.
Cooper, 916 S.W.2d 698, 701 n.3 (Tex. App.BEl Paso 1996, orig. proceeding).

 

 








Accordingly,
we deny the petition for writ of mandamus.

 

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed, May 6,
2008.

Panel consists of Justices Yates, Guzman, and Brown.









            [1]           The
Honorable Levi Benton, presiding judge of the 215th Judicial District Court of
Harris County, Texas.





            [2]           The respondent
initially granted Winkler Villa=s motion to
compel the production of Dr. Caudle=s
records but, after this proceeding was filed, issued supplemental orders
clarifying that Dr. Caudle=s records were
protected from discovery under the consulting expert privilege.  The portion of
this proceeding that concerned this motion to compel is therefore moot.





            [3]           Judge
Benton also ruled that there was no evidence that production of Dr. Caudle=s report was inadvertent.  See Tex. R. Civ. P.
193 cmt. 4 (noting that the rule applies to material or information Aproduced inadvertently@).  Because of our resolution of this case, we need not reach the issue
of whether the production of Dr. Caudle=s
report was Ainadvertent.@





            [4]           One of
Ortuno=s attorneys conceded this point when he testified by affidavit
that the report was Aproduced as a part of the records produced by Texas
Children=s Hospital.@