In re AEP TEXAS CENTRAL
COMPANY and Milton
Menking.

No. 04–03–00253–CV.

Court of Appeals of Texas,
San Antonio.

July 16, 2003.

Rudy Gonzales, Jr., Catherine D. Tobin, Carlos I. Uresti, Chaves, Gonzales & Hoblit, L.L.P., Corpus Christi, Kenneth C. Raney, Jr., Asst. Gen. Counsel, Dallas, for appellant.

William J. Tinning, Harris Meija & Tinning, LLP, Portland, Timothy Patton, Timothy Patton, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by KAREN ANGELINI, Justice.

This mandamus arises out of a trespass action filed by Terry A. Canales against AEP Texas Central Company ("AEP")[2] and Milton Menking. Relators AEP and Menking seek a writ of mandamus ordering respondent, the Honorable Rose Vela, to vacate her order of March 12, 2003 and enter an order preventing the use of the legal memorandum at issue. Because we conclude that relators are entitled to the relief sought, we conditionally grant the writ.

---

2. AEP was formerly known as Central Power & Light Company.

## BACKGROUND

On February 17, 1999, Milton Lorenz, an attorney with the law firm of Broyles & Pratt, was contacted by an AEP employee who requested Lorenz's help with regard to a dispute between AEP and Terry A. Canales. Canales, angry about what he considered to be illegal electrical poles on his property, was threatening to destroy the poles. After reviewing the appropriate documents provided by AEP, Lorenz informed Canales that in his opinion, AEP had a right to maintain its facilities on Canales's property. That afternoon, Canales burned the electrical poles to the ground with the live wires still attached.

In response, in-house counsel for AEP commissioned the law firm of Broyles & Pratt to analyze the potential claims that AEP could assert against Canales and those claims that Canales could assert against AEP. On June 28, 1999, Richard Houston, also an attorney with Broyles & Pratt, prepared a legal memorandum addressed to Lorenz outlining these issues. On February 14, 2000, Canales brought suit against AEP and Milton Menking, a former employee of AEP, alleging trespass. AEP hired the law firm of Vinson & Elkins to represent it and Menking. On June 24, 2000, AEP and Menking produced documents in response to Canales's requests for production. On November 7, 2000, AEP's attorney, John Neese, an attorney with Vinson & Elkins, realized that he had inadvertently produced the June 28, 1999 legal memorandum.

On November 9, 2000, Neese sent a letter to Canales's attorney, requesting that the memorandum be returned pursuant to Texas Rule of Civil Procedure 193.3(d). According to Neese, the memorandum was protected by the attorney-client and work-product privileges. By letter dated November 10, 2000, counsel for Canales refused to return the memo-randum. On November 14, 2000, Neese again requested the return of the memorandum, and Canales's attorney again refused. AEP and Menking filed a motion to compel return of the privileged document inadvertently produced pursuant to Texas Rule of Civil Procedure 193.3(d). After a non-evidentiary hearing, the trial court denied the motion. AEP and Menking then filed a motion to exclude the privileged document inadvertently produced and requested an evidentiary hearing pursuant to Texas Rule of Civil Procedure 193.4. After the evidentiary hearing, the trial court denied the motion. AEP and Menking now seek mandamus.

## MANDAMUS

■ Mandamus is an extraordinary remedy that may be utilized only when there is no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex.1992). With regard to issues of discovery, and particularly a claim of privilege, the Texas Supreme Court has stated:

> [A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege.... As we noted in Crane [v. Tunks, 160 Tex. 182, 190, 328 S.W.2d 434, 439 (1959)]: "After the [privileged documents] had been inspected, examined and reproduced ... a holding that the court had erroneously issued the order would be of small comfort to relators in protecting their papers."

*Id.* at 843 (citations omitted); *see also Huie v. DeShazo*, 922 S.W.2d 920, 928 (Tex.1996) (orig.proceeding).

■ According to Canales, the trial court's order denying AEP and Menking's motion is not reviewable by mandamus, because it is an evidentiary ruling, not a discovery ruling. Thus, Canales argues that as an evidentiary ruling, relators have an adequate remedy by appeal. *See Reveal v. West,* 764 S.W.2d 8 (Tex.App.-Houston [1st Dist.] 1988, no writ) (holding that trial court's evidentiary ruling is like a motion in limine and that relator may reoffer evidence at trial; thus trial court's determination is reviewable by appeal).

In response, relators argue that their motion was brought pursuant to Texas Rule of Civil Procedure 193.4, a discovery rule. In their "Motion to Exclude Privileged Document Inadvertently Produced," relators argued that the memorandum inadvertently produced by Neese was protected by attorney-client and work-product privileges. Further, relators contended that pursuant to rule 193.3(d), they had not waived their privilege. Thus, at the hearing on the motion, relators requested the trial court, pursuant to rule 193.4, conduct an evidentiary hearing regarding whether the legal memorandum at issue was privileged.

We agree with relators that the trial court's order is reviewable by mandamus. Relators sought a hearing pursuant to rule 193.4. Rule 193.4(a) authorizes either the requesting or objecting party to request a hearing on objections to discovery. Tex.R. Civ. P. 193.4(a). If a hearing is held, the party who has objected or asserted a privilege must present any evidence necessary to support the objection or privilege. *Id.* Relators presented such evidence, and the trial court determined that the legal memorandum was not privileged.

What makes this case unusual is Canales's possession of the memorandum due to Neese's inadvertent production of the document. Rule 193.3(d) clearly states that a party can assert a claim of privilege to material or information that the party, without intending to waive the privilege, produced inadvertently. Tex.R. Civ. P. 193.3(d), cmt. 4. Thus, even though Canales had possession of the document, relators were still entitled to assert their claim of privilege. As Canales already had possession of the document, relators asked the trial court to prevent Canales from using the memorandum during the course of the case, the only relief at that point in time that would protect relators' claim of privilege. We disagree with Canales that merely because relators asked the trial court to prevent Canales from using the memorandum during the course of the case, the trial court's ruling was converted from a discovery ruling into an evidentiary one. At the hearing, relators clearly requested the trial court to conduct an evidentiary hearing on their claim of privilege pursuant to rule 193.4, a discovery rule. The trial court's order is, therefore, reviewable by mandamus. *See Walker,* 827 S.W.2d at 843.

### LACHES

■ Even if the trial court's order is reviewable by mandamus, Canales argues that relators are barred from seeking mandamus by the doctrine of laches. Ordinarily a petition for writ of mandamus should be brought promptly. However, we have held that mandamus recovery should not be denied based on delay if no harm has occurred. *Shearson Lehman Hutton, Inc. v. McKay,* 763 S.W.2d 934, 939 (Tex.App.-San Antonio 1989, orig. proceeding); *see also In re Bahn,* 13 S.W.3d 865, 871 (Tex.App.-Fort Worth 2000, orig. proceeding); *Sanchez v. Hester,* 911 S.W.2d 173, 177 (Tex.App.-Corpus Christi 1995, orig. proceeding [leave denied] ) (citing *Rogers v. Ricane Enters.,* 772 S.W.2d 76, 80 (Tex.1989)). In this case, there is

nothing in the record to indicate any harm to Canales. Relators' request for mandamus relief is, therefore, not barred by laches.

### PRIVILEGE

■ In their motion, relators asserted that the legal memorandum was protected by both attorney-client and work-product privileges. Texas Rule of Evidence 503(b)(1) provides for privileged communications between clients and their attorneys:

A client has the privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

(A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer;

(B) between the lawyer and the lawyer's representative;

(C) by the client or a representative of the client, or the client's lawyer or a representative of the lawyer, to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;

(D) between representatives of the client or between the client and a representative of the client; or

(E) among lawyers and their representatives representing the same client.

TEX.R. EVID. 503(b)(1). A "representative of the lawyer" for purposes of the attorney-client privilege includes "one employed by the lawyer to assist the lawyer in the rendition of professional legal services." *Id.* 503(a)(4)(A).

Work product comprises (1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or (2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents. TEX.R. CIV. P. 192.5(a). Work product is protected from discovery by an opposing party:

Protection of Core Work Product—Attorney Mental Processes. Core work product—the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories—is not discoverable.

*Id.* 192.5(b)(1).

At the evidentiary hearing, Milton Lorenz, Richard Houston, and John Neese testified. Lorenz and Houston testified that AEP requested that their firm analyze the issues involved in the dispute between AEP and Canales. Both testified that the June 28, 1999 memorandum contains that analysis of the potential claims. Houston testified that the memorandum contained his mental impressions, opinions, and legal theories with regard to this dispute between AEP and Canales. Also, both Lorenz and Houston testified that the memorandum was prepared in anticipation of litigation. Lorenz testified that Canales was upset when Lorenz talked to him. Lorenz later learned that after their conversation, Canales burned down the electric poles. Lorenz was aware of newspaper articles in which Canales was claiming that the poles were his property. And, Lorenz knew that Canales had recused himself from a matter that involved AEP, indicating that Canales would likely file a

lawsuit against AEP for libelous statements. Further, Neese testified that he did not intentionally produce the memorandum, that at all times, he considered the document privileged, and that within two days of discovering the inadvertent production, he requested its return in compliance with Texas Rule of Civil Procedure 193.3(d).

Canales claims that "if the communication is made with a third party present who is not the agent or representative of the lawyer, no privilege attaches." Canales, however, does not identify the third party who allegedly had knowledge of the memorandum. In fact, the record shows the opposite—that the memorandum was transferred from one attorney hired by AEP with respect to the underlying dispute to another attorney, hired for the same reason.

Canales also argues that no work-product privilege applies because "any investigation done here by this firm was before this suit was filed." We disagree. The undisputed testimony of both Lorenz and Houston shows that the memorandum was prepared in anticipation of this litigation. *See* Tex.R. Civ. P. 192.5(a). Upon our review of the memorandum, we hold that the memorandum contains AEP's attorney's mental impressions, opinions, and legal theories. *See* Tex.R. Evid. 192.5(b)(1). The memorandum is, therefore, protected by the work-product privilege.

■■■■ And, according to Canales, the memorandum is not privileged under the crime/fraud exception. Texas Rule of Evidence 503(d)(1) provides that there is no privilege "[i]f the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." Tex.R. Evid. 503(d)(1). The party claiming the exception to the privilege bears the burden of establishing a prima facie case by proving "a violation sufficiently serious to defeat the privilege." *Cigna Corp. v. Spears*, 838 S.W.2d 561, 569 (Tex.App.-San Antonio 1992, orig. proceeding); *see also In re Monsanto*, 998 S.W.2d 917, 933–34 (Tex. App.-Waco 1999, orig. proceeding). "The prima facie case requirement is met when the proponent offers evidence establishing the elements of fraud and that the fraud was ongoing or about to be committed when the document was prepared." *Spears*, 838 S.W.2d at 569 (citation omitted). Thus, mere allegations of fraud are insufficient: the fraud alleged to have occurred must have occurred at or during the time the document was prepared and in order to perpetrate the fraud. *Spears*, 838 S.W.2d at 569; *see also In re Monsanto*, 998 S.W.2d at 933–34. The fact that the plaintiff's cause of action involves fraudulent conduct is insufficient. *Spears*, 838 S.W.2d at 569. The attorney-client privilege is lost only when the legal communications or services were obtained in order to commit or plan to commit a fraud. Tex.R. Evid. 503(d)(1).

Canales claims that fraud is shown by AEP "simultaneously seeking criminal prosecution for the burning of [AEP's] poles when in fact [AEP] had legal opinions of its own in this memorandum when [sic] reflects its own attorney's doubt as [to AEP's] claim." Thus, Canales argues that relators had actual knowledge that they had no legal easement for poles on his property, but nonetheless conspired and took action to make legal claims against Canales. Besides the memorandum itself, there is no evidence in the record to support Canales's allegations. All the memorandum describes is one lawyer's analysis of the information known at that time. There is simply no evidence in the record to support Canales's accusation that AEP hired the attorney in question to commit

or plan to commit fraud or even that AEP sought criminal prosecution. Canales has failed to make a prima facie showing of contemplated fraud.

■ Finally, Canales argues that even if the memorandum is privileged, relators waived that privilege. Texas Rule of Civil Procedure 193.3(d) provides,

> A party who produces material or information without intending to waive a claim of privilege does not waive that claim under these rules or the Rules of Evidence if—within ten days or a shorter time ordered by the court, after the producing party actually discovers that such production was made—the producing party amends the response, identifying the material or information produced and stating the privilege asserted. If the producing party thus amends the response to assert a privilege, the requesting party must promptly return the specified material or information and any copies pending any ruling by the court denying the privilege.

TEX.R. CIV. P. 193.3(d). The focus is on the intent to waive the privilege, not the intent to produce the material or information. *Id.* 193 cmt. 4. A party who fails to diligently screen documents before producing them does not waive a claim of privilege. *Id.* The ten-day period allowed for an amended response does not run from the production of the material or information but from the party's first awareness of the mistake. *Id.*

Canales argues that relators failed to comply with rule 193.3(d) within ten days of actually discovering the inadvertent production. For support, Canales references a motion to compel that he filed shortly after receiving relators' responses to his requests for production. The June 28, 1999 memorandum was attached to the documents that were produced in response to requests for production numbers 7 and

8. Canales's motion to compel, filed on September 13, 2000, requested the trial court to order relators to withdraw their objections to requests for production numbers 7 and 8. On September 21, 2000, relators filed a response to Canales's motion to compel in which relators argued that with respect to request for production number 7, Canales's motion should be overruled because relators were not aware of any responsive documents that had not already been produced. Similarly, with respect to request for production number 8, relators stated that all documents of which they were currently aware had been produced. Canales contends that these responses show that on September 21, 2000, the date on which relators filed the response, relators knew that the June 28, 1999 memorandum had been produced. Thus, according to Canales, relators had until October 1, 2000 to comply with rule 193.3(d). Since relators did not assert their claim of privilege until November 9, 2000, Canales argues that relators have waived their privilege.

In response, relators argue that those statements in response to Canales's motion to compel do not show that relators had actual knowledge that the June 28, 1999 memorandum had been produced. We agree. Relators' responses do not on their face show that relators had no knowledge of the inadvertent production of the memorandum until November 7, 2000. Indeed, when asked about the responses to Canales's motion to compel, Neese adamantly testified that he had no knowledge that the memorandum had been one of the documents produced:

> Q: You would agree with me that if the Court's file shows that even months before this the documents were initially produced and that there was a Motion to Compel, at which time the response by you and your firm

was, "We've given you everything that is responsive," and that those were produced and then responded to in that Motion to Compel reply without objection, without a claim of privilege, and certainly that is the way the file exists if that's what it shows?

A: I know—I think I know what your question is. Let me just answer it this way. I believe that when this Motion to Compel was filed and we said, "Hey, all responsive documents have been produced," at that point we did not know that this document was one of those—was one of those documents that had been produced. You see what I mean?

Because the undisputed evidence shows that relators had no actual knowledge of the inadvertent production of the memorandum until November 7, 2000, relators did not waive their claim of privilege.

CONCLUSION

We conclude that the June 28, 1999 memorandum is protected by the attorney-client and work-product privileges and that the trial court abused its discretion in denying relators' motion. We, therefore, conditionally grant relators' petition for writ of mandamus. Tex.R.App. P. 52.8(c). Only if the Honorable Rose Vela fails to vacate her order of March 12, 2003 and enter an order preventing the use of the June 28, 1999 memorandum will we issue the writ.