COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                               NO.
2-09-351-CV

 

 

IN RE HARCO NATIONAL                                                                                          RELATOR

INSURANCE
COMPANY

                                                                       ------------

                                                       ORIGINAL
PROCEEDING

                                                                       ------------

                                                  MEMORANDUM
OPINION[1]

                                                                       ------------

Relator, Harco National Insurance
Company, seeks a writ of mandamus against Respondent, the Honorable Jeff
Walker, Judge of the 96th District Court of Tarrant County.  For the reasons that follow, we conditionally
grant relief.

Factual
Background








On October 3, 2007, Real Party in
Interest Debra Fisher brought suit against Harco and several other defendants
for fraud and fraudulent inducement arising out of the nondisclosure of
insurance coverage in a prior negligence case between Fisher and Southwest
International Trucks, Inc. and its employee/driver Clifford George Steece,
Sr.  In her suit, Fisher asserted that
the defendants fraudulently induced her to enter into a settlement agreement
settling all her claims for damage in the prior suit.  On May 5, 2008, Fisher served Harco with a
notice of intention to take oral deposition of the corporate representative of
Harco, which included a document request seeking the production of:

[a]ny
writings, letter, memorandums, emails, or other documents whether manually
created or electronically created, in your possession, from any source,
including but not limited to, Southwest International Trucks, Inc., Charles
Shriver, II, Hermes Sargent Bates, L.L.P., Harco National Insurance Company,
Southern County Mutual Insurance Company, and Republic Lloyds, Inc., relating
to the claim of Debra Fisher for injuries and damages against Southwest
International Trucks, Inc., or other insurers to include documents whether
generated by you or received by you, from any source, including electronic or
email communications that refer, mentions, states, or otherwise alleges to
insurance coverage of Southwest International Trucks, Inc., resulting from an
automobile accident, whether the source be primary, secondary, umbrella or any other
insurance coverage. 

 

On May 12, 2008, Harco filed a motion
to quash the deposition notice, and the deposition was automatically
stayed.  On May 27, 2008, Fisher
rescheduled the deposition and again included the document request.  On June 2, 2008, Harco filed a motion for
protective order, contending that the document requests were overly broad and
that they sought to invade the attorney-client and attorney work product
privileges.  The trial court conducted an
evidentiary hearing on the motion for protective order on October 2, 2008. At
the conclusion of the evidentiary hearing, Harco submitted the documents listed
on its privilege log to the trial court for an in camera inspection.








On March 11, 2009, the trial court
sent the parties correspondence, stating that Harco=s documents generally fell within the
attorney-client and work product privileges; however, it had determined that a
large number of the documents fell within exceptions found within Rule
503(d)(1), (3), and (5) of the rules of evidence.  See Tex. R. Evid. 503(d)(1), (3),
(5).  On March 25, 2009, Harco=s counsel sent correspondence to the
trial court asking the court to refrain from producing the documents to Fisher
until Harco had an opportunity to consider its options.  On April 27, 2009, Harco=s counsel received correspondence from
Fisher=s counsel forwarding a proposed order
to the trial court.  On May 1, 2009,
Harco=s counsel sent Fisher=s counsel correspondence objecting to
the proposed order.  On September 2,
2009, Harco=s counsel received a copy of
correspondence from Fisher=s counsel submitting a proposed order
to the trial court.  On that same day,
Harco=s counsel sent correspondence to the
trial court objecting to the form of the proposed order and asking the trial
court to refrain from signing the order or producing the documents until the
matter could be heard by the trial court. 

On September 10, 2009, the trial court
signed and entered an order in which it found that all of the documents that
had been presented by Harco were discoverable except those specifically
enumerated in the order.  Upon receipt of
the trial court=s order on September 14, 2009, Harco
sent correspondence to the trial court asking the court to refrain from
producing the documents to allow Harco the opportunity to preserve the court=s record and protect its rights by
filing a petition for writ of mandamus. 
On September 17, 2009, the trial court released documents to the
parties.

On September 25, 2009, the trial court
sent the parties correspondence stating that two additional documents (Harco
00264 and Harco 00442) were also discoverable and providing copies of those two
documents to Fisher=s counsel.  Harco then filed this mandamus proceeding.

Standard
of Review








Mandamus will issue to correct a
discovery order if the order constitutes a clear abuse of discretion and there
is no adequate remedy by appeal.  In
re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig.
proceeding); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  When determining whether
the trial court abused its discretion, we are mindful that the purpose of
discovery is to seek the truth so that disputes may be decided by what the
facts reveal, not by what facts are concealed. 
Colonial Pipeline, 968 S.W.2d at 941.  The rules governing discovery do not require
as a prerequisite to discovery that the information sought be admissible
evidence; it is enough that the information appears reasonably calculated to
lead to the discovery of admissible evidence. 
See Tex. R. Civ. P. 192.3(a). 
But this broad grant is limited by the legitimate interests of the
opposing party to avoid overly broad requests, harassment, or disclosure of
privileged information.  In re Am.
Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).








Appellate courts will not intervene to
control incidental trial court rulings when an adequate remedy by appeal
exists.  In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); Walker, 827
S.W.2d at 840.  A party will not have an
adequate remedy by appeal (1) when the appellate court would not be able to
cure the trial court=s discovery error, (2) when the party=s ability to present a viable claim or
defense at trial is vitiated or severely compromised by the trial court=s discovery error, or (3) when the
trial court disallows discovery and the missing discovery cannot be made a part
of the appellate record or the trial court, after proper request, refuses to
make it part of the record.  In re
Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); Walker,
827 S.W.2d at 843.  Appellate courts must
consider whether the benefits of mandamus review outweigh the detriments when
determining whether appeal is an adequate remedy.  In re BP Prods. N. Am., Inc.,
244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).  If a trial court erroneously orders
privileged matters to be disclosed, there is no adequate remedy at law, and
mandamus is the proper remedy.  See
Dillard Dep=t Stores, Inc. v. Hall, 909 S.W.2d 491,
492 (Tex. 1995); Walker, 827 S.W.2d at 843.

Privileges

Harco asserts that the trial court
clearly abused its discretion by finding that its documents were discoverable
pursuant to the exceptions to the attorney-client and work product privileges
enumerated within Texas Rules of Evidence Rule 503(d)(1), (3), and (5).  See Tex. R. Evid. 503(d)(1), (3),
(5).  Fisher, on the other hand, contends
that the trial court did not abuse its discretion by determining the documents
were discoverable or by producing the documents to her.

To establish a privilege, a party must
plead the particular privilege, produce evidence to support the privilege
through affidavits or testimony, and produce the documents themselves if the
trial court determines an in camera review is necessary.  See Tex. R. Civ. P. 193.3(a); Peeples
v. Hon. Fourth Supreme Judicial Dist., 701 S.W.2d 635, 637 (Tex. 1985)
(orig. proceeding). Once the party resisting discovery establishes a prima
facie case that the documents are privileged, the burden shifts to the
discovering party to refute the privilege claim.  See Marathon Oil Co. v. Moye, 893
S.W.2d 585, 591 (Tex. App.CDallas 1994, orig. proceeding).

A.  Attorney-Client Privilege








The attorney‑client privilege
protects from disclosure confidential communications between client and counsel
made for the purpose of facilitating the rendition of legal services.  See Tex. R. Evid. 503(b); Huie v.
DeShazo, 922 S.W.2d 920, 922 (Tex. 1996); Arkla, Inc. v. Harris,
846 S.W.2d 623, 629 (Tex. App.CHouston [14th Dist.] 1993, orig.
proceeding).  This privilege attaches to
the complete communication between attorney and client, including legal advice
and facts therein.  Marathon Oil Co.,
893 S.W.2d at 589.  The subject matter of
the information communicated is irrelevant when determining whether the
privilege applies.  Id. 

The attorney‑client privilege
applies only to communications intended to be confidential between the attorney
and the client and made for the purpose of facilitating the rendition of legal
services for the client.  See Tex.
R. Evid. 503(b); Arkla, Inc., 846 S.W.2d at 629.  A communication is Aconfidential@ if it is not intended to be disclosed
to third persons other than those persons to whom disclosure is made Ain furtherance of the rendition of
professional legal services to the client or those reasonably necessary for the
transmission of the communication.@ 
Tex. R. Evid. 503(a)(5).  If a
matter for which a privilege has been asserted has been disclosed to a third
party, the party asserting the privilege has the burden to prove that no waiver
occurred.  Arkla, Inc., 846
S.W.2d at 630.

B.  Work product privilege

Rule 192.5 defines work product as:

(1)
material prepared or mental impressions developed in anticipation of litigation
or for trial by or for a party or a party=s representatives, including the party=s attorneys, consultants, sureties,
indemnitors, insurers, employees, or agents; or

 

(2)
a communication made in anticipation of litigation or for trial between a party
and the party=s representatives or among a party=s representatives, including the party=s attorneys, consultants, sureties,
indemnitors, insurers, employees, or agents. 








Tex.
R. Civ. P. 192.5(a). 

Rule 192.5 encompasses different
levels of protection for two types of work product.  First, core work product is defined as Athe work product of an attorney or an
attorney=s representative that contains the
attorney=s or the attorney=s representative=s mental impressions, opinions,
conclusions, or legal theories,@ and it is not discoverable.  See Tex. R. Civ. P. 192.5(b)(1).  Second, any other work product is
discoverable only upon a showing that the party seeking discovery has
substantial need of the materials in the preparation of the party=s case and that the party is unable,
without undue hardship, to obtain the substantial equivalent of the material by
other means.  Tex. R. Civ. P.
192.5(b)(2).

Rule 192.5(b)(2) precludes discovery
of an attorney=s work product.  Id. The work product exemption
protects the attorney=s mental processes, conclusions, and
legal theories from discovery by another party, thereby providing a privileged
area where the attorney can analyze and prepare the case.  Marathon Oil Co., 893 S.W.2d at
589.  The work product exemption extends
both to documents actually created by the attorney and memoranda, reports,
notes, or summaries of interviews prepared by other individuals for the
attorney=s use. 
Id.

C.  Discussion








Fisher contends that Harco failed to
present sufficient prima facie proof of privilege; therefore, the burden never
shifted to her to prove an exception to the work product or attorney-client
privileges.  However, at the evidentiary
hearing on Harco=s motion for a protective order, Harco
offered affidavits by Charles Shriver, II and Craig Kennedy along with other
exhibits in support of its assertion of privilege.  The prima facie standard requires only the
minimum quantum of evidence necessary to support a rational inference that the
allegation of facts are true.  See In
re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 225 (Tex. 2004) (orig.
proceeding); Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994)
(orig. proceeding); In re Maher, 143 S.W.3d 907, 913 (Tex. App.CFort Worth 2004, orig.
proceeding).  

Additionally, a review of the
documents themselves may constitute sufficient evidence to make a prima facie
showing of attorney-client or work product privilege.  See E.I. DuPont, 136 S.W.3d at 223; Humphreys,
888 S.W.2d at 470.  We have reviewed the
documents and have determined that Harco 00066 and Harco 00548B00551, correspondence between Harco
and its reinsurer American Re-Insurance Co., do not fall within any of the
discovery privileges asserted by Harco. 
Accordingly, the trial court did not abuse its discretion by ordering
the production of Harco 00066 and Harco 00548, and any relief requested as to
these documents is denied. 








But, it is evident from our review of
Harco 00024, Harco 00057, Harco 00058B00065, Harco 00069-00081, Harco 00083,
Harco 00096B00097, Harco 00098B00099, Harco 00143, Harco 00197B00200, Harco 00264, Harco 00442, Harco
00451B00454, Harco 00457B00480, Harco 00522B00531, Harco 00549B00551, Harco 00576B00577, Harco 00639, Harco 00657, and
Harco 00664B00673 that these documents, which are
primarily comprised of memoranda, claims and damages summaries, and case
evaluations, meet all the requirements of the attorney-client or attorney work
product privileges.  See Tex. R.
Evid. 503(b); Arkla, Inc., 846 S.W.2d at 629; see also Nat=l Tank Co. v. Brotherton, 851 S.W.2d 193, 200 (Tex. 1993)
(orig. proceeding); Nat=l Union Fire Ins. Co. v. Valdez, 863 S.W.2d 458, 460 (Tex. 1993)
(orig. proceeding); Coats v. Ruiz, 198 S.W.3d 863, 875B76 (Tex. App.CDallas 2006, no pet.).  It is irrelevant that many of these documents
were prepared in connection with the suit between Southwest International and
Fisher rather than the underlying suit, since the work product privilege is of
continuing duration.  See Owens‑Corning
Fiberglas Corp. v. Caldwell, 818 S.W.2d 749, 751B52 (Tex. 1991) (orig.
proceeding).  

Once a party demonstrates the
privilege applies, the burden then shifts to the party seeking production to
prove that an exception exists.  See
In re AEP Tex. Cent. Co, 128 S.W.3d 687, 692 (Tex. App.CSan Antonio 2003, orig. proceeding);
In re Monsanto, 998 S.W.2d 917, 933B34 (Tex. App.CWaco 1999, orig. proceeding);
Marathon Oil, 893 S.W.2d at 589B90; Cigna Corp. v. Spears, 838
S.W.2d 561, 569 (Tex. App.CSan Antonio 1992, orig. proceeding); Freeman
v. Bianchi, 820 S.W.2d 853, 861 (Tex. App.CHouston [1st Dist.] 1991, orig.
proceeding).  Accordingly, because the
documents listed above are privileged, Fisher was required to prove the
existence of an exception to the privilege. 
See In re AEP Tex. Cent. Co, 128 S.W.3d at 692; In re Monsanto,
998 S.W.2d at 933B34; Marathon Oil, 893 S.W.2d at
589B90; Cigna Corp., 838 S.W.2d at
569; Freeman, 820 S.W.2d at 861.

503(d)
Exceptions








Fisher argues that, even if Harco met
its burden of proof regarding the asserted privileges, the documents fall
within the crime-fraud or breach of duty exceptions and, therefore, the
documents are discoverable.  See Tex.
R. Evid. 503(d)(1), (3) (explaining crime fraud and breach of duty exceptions).


A.  Crime-Fraud Exception

Fisher first contends that the
documents fall within the crime-fraud exception.  See id. 

Texas Rule of Evidence 503(d)(1)
provides that material otherwise protected by the attorney‑client
privilege is discoverable if the services of the lawyer were sought or obtained
to enable or aid anyone to commit or plan to commit what the client knew or
reasonably should have known to be a crime or fraud.  See id.; see also Granada
Corp. v. First Court of Appeals, 844 S.W.2d 223, 227 (Tex. 1992) (orig.
proceeding).  The crime-fraud exception
applies only if (1) the party asserting it establishes a prima facie case of
contemplated fraud and (2) there is a relationship between the document for
which the privilege is challenged and the prima facie proof offered.  See Granada, 844 S.W.2d at 227; Warrantech
Corp. v. Computer Adapters Servs., Inc., 134 S.W.3d 516, 527 (Tex.
App.CFort Worth 2004, no pet.).








The prima facie requirement is met
when the proponent offers evidence establishing the elements of fraud and that
the fraud was ongoing, or about to be committed at the time the document was
prepared.  See In re AEP Texas Central
Co., 128 S.W.3d at 692; Cigna Corp., 838 S.W.2d at 569. Mere
allegations of fraud are not sufficient. 
In re AEP Texas Central Co., 128 S.W.3d at 692; Cigna Corp.,
838 S.W.2d at 569; In re Monsanto Co., 998 S.W.2d at 933B34. Similarly, the fact that the
plaintiff=s cause of action involves fraudulent
conduct is also insufficient.  Cigna
Corp., 838 S.W.2d at 569.  The fraud
alleged to have occurred must have happened at or during the time the document
was prepared, and the document must have been created as part of perpetrating
the fraud.  Id.  The trial court must make findings both that
the prima facie case has been established and that a nexus exists between the
document at issue and the alleged fraud. 
See Granada Corp., 844 S.W.2d at 227; Freeman, 820 S.W.2d
at 861B62. 
The nexus must be established for each privileged document.  See Freeman, 820 S.W.2d at 861. 

Fisher contends that she established a
prima facie case of fraud because the evidence clearly establishes that
adjuster David Leary attempted to fraudulently conceal the existence of the
$10,000,000 umbrella policy. Specifically, Fisher argues that the evidence
establishes that Leary did not disclose the existence of the umbrella policy to
Charles Shriver, the attorney Harco retained to represent Southwest
International Trucking in the suit brought by Fisher.  Fisher notes that although Southwest
International supplemented its disclosure responses five times, the disclosure
responses never disclosed the existence of the umbrella policy, and Leary never
corrected Southwest International=s responses to the disclosure
requests.  Fisher also states that Leary
had an opportunity but nonetheless failed to disclose the umbrella policy
during mediation when she demanded $900,000, which was clearly in excess of the
$500,000 primary limits. 








Fisher claims that, to the extent that
any of the documents at issue here relate to Leary=s valuation of the underlying case or
the basis of his valuation, the documents were part of the ongoing fraudulent
concealment.  However, neither the mere
allegation of fraud, nor the fact that a party=s cause of action includes fraudulent
conduct is sufficient to establish a prima facie case of contemplated
fraud.  See Cigna Corp.,
838 S.W.2d at 569; In re Monsanto Co., 998 S.W.2d at 933B34. 
Fisher=s Aevidence@ demonstrating that Harco=s adjuster failed to advise Shriver of
the existence of the umbrella policy is primarily Fisher=s own allegations of fraud against
Harco, which serve as the basis of her lawsuit. 
Such a demonstration will not serve as a basis for the application of
the crime‑fraud exception.  See
Cigna Corp., 838 S.W.2d at 569. Further, even if we were to take Fisher=s evidence into consideration, it does
not show that Shriver=s services were sought to aid Leary in
committing or planning to commit a crime. 
See Granada Corp., 844 S.W.2d at 227.  In fact, Fisher herself stated that Leary had
never informed Shriver of the umbrella policy.

The crime‑fraud exception
requires the discovering party to establish a connection between the particular
documents sought and the fraud alleged. See Granada Corp., 844
S.W.2d at 227; Freeman, 820 S.W.2d at 861B62. Moreover, the fraud alleged to
have occurred must have occurred at or during the time the document was
prepared and in order to perpetuate the fraud. 
See Coats, 198 S.W.3d at 876; Cigna Corp., 838
S.W.2d at 569.  As Fisher has not established
a prima facie case that the crime‑fraud exception applies to the
documents protected by the attorney‑client privilege, we conclude that
the trial court abused its discretion by ordering Harco to produce them on the
basis of this exception.

B.  Breach of Duty Exception








Fisher generally contends that any
documents Harco, through Leary, had the opportunity to disclose to attorney
Shriver about the existence of the umbrella policy would fall within the breach
of duty exception.  Texas Rule of
Evidence 503(d)(3) provides that a communication, otherwise protected by the
attorney-client privilege, is discoverable if the communication is relevant to
an issue of breach of duty by a lawyer to the client or by a client to the
lawyer. See Tex. R. Evid. 503(d)(3); Brown v. Green, 302 S.W.3d
1, 9 (Tex. App.CHouston [14th Dist.] 2009, no pet.); Vinson
& Elkins v. Mornan, 946 S.W.2d 381, 394 (Tex. App.CHouston [14th Dist.] 1997, writ dism=d). 
Nothing in the record before us indicates that Fisher was ever
represented by any of Southwest International=s or Harco=s attorneys.  Thus, we agree with Relator that the breach
of duty exception found in rule 503(d)(3) does not apply in this case.  Accordingly, the trial court abused its
discretion by ordering Harco to produce the documents pursuant to this
exception.

C.  Joint Defense Exception

Fisher does not argue, and the record
does not indicate, that Harco=s documents were discoverable pursuant
to the joint defense exception.  See
Tex. R. Evid. 503(d)(5) (AAs to a communication relevant to a
matter of common interest between or among two or more clients if the
communication was made by any of them to a lawyer retained or consulted in
common, when offered in an action between or among any of the clients.@). 
Thus, we conclude that this exception does not apply.  See Marathon Oil Co., 893 S.W.2d at
592.  Accordingly, to the extent the
trial court ordered Harco to produce the documents pursuant to this exception,
the trial court abused its discretion.

Conclusion








Because the documents do not fall
within any of the exceptions, we hold that the trial court clearly abused its
discretion by ordering the production of the following documents protected by
the attorney-client or work product privileges: 
Harco 00024, Harco 00057, Harco 00058B00065, Harco 00069-00081, Harco 00083,
Harco 00096B00097, Harco 00098B00099, Harco 00143, Harco 00197B00200, Harco 00264, Harco 00442, Harco
00451B00454, Harco 00457B00480, Harco 00522B00531, Harco 00549B00551, Harco 00576B00577, Harco 00639, 00657, and Harco
00664B00673. 
We conditionally grant mandamus relief as to the documents listed
above.  The writ will issue only if the
trial court fails to (1) vacate its September 10, 2009 order and its September
25, 2009 letter ruling as to the documents listed above, (2) order the return
of all originals and copies of the privileged documents provided to Debra
Fisher by the trial court, and (3) issue such orders as necessary to prevent
the use and dissemination of the privileged documents and information contained
therein.  We have reviewed the remaining documents,
Harco 00066 and Harco 00548B00551, and have determined that they
do not fall within any of the discovery privileges asserted by Harco.
Accordingly, the trial court did not abuse its discretion by ordering the
production of Harco 00066 and Harco 00548B00551. 
As to these documents, this court=s October 9, 2009 stay is hereby
lifted and any relief requested is denied. 

 

BOB MCCOY

JUSTICE                                                       

PANEL:  LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DELIVERED:  June 24, 2010











[1]See Tex. R. App. P.
47.4.